# EXHIBIT 4

P. 24

CONFIRMED FILE DATE: 11/16/2012

## NO. 2011-50578

| | | |
|---|---|---|
| ERVIN WALKER | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| DIRECTORY DISTRIBUTING ASSOCIATES, INC. | § | |
| and JACK RUNK, RICHARD PRICE, STEVE | § | |
| WASHINGTON, LAURA WASHINGTON, STAN | § | |
| SIVORI, VINCENT PANOWICZ, CHUCK | § | |
| BENNETT, SHERI BENNETT, ROLAND E. | § | |
| SCHMIDT, MIKE MAJORS, WILLIE WALKER, | § | |
| ALISA WALKER, JERRY PASTE, IRMA RACE, | § | |
| JANIS MAXWELL, CHARLES PETTERSEN, | § | |
| DAVID SMITH, MARC WALTON, SANDY | § | |
| SANDERS, and MARELINA JACKSON | § | |
| | § | |
| **Defendants** | § | 269th JUDICIAL DISTRICT |

## DEFENDANTS' FIRST AMENDED ANSWER TO THE PLAINTIFF'S THIRD AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, DIRECTORY DISTRIBUTING ASSOCIATES, INC., RICHARD

PRICE, STEPHEN WASHINGTON aka STEVE WASHINGTON, LAURA WASHINGTON,

ROLAND E. SCHMIDT, and WALLACE A. SANDERS aka SANDY SANDERS, several of

the Defendants in the above entitled and numbered cause of action and file this their First

Amended Answer to the Third Amended Petition of the Plaintiffs ERVIN WALKER, DONALD

WALKER, ERIC ALLEN, JUSTIN COOPER, REGINA COUTEE, TRENT JEDKINS and

BRIAN MATHIS and would show unto the Court and jury the following:

**FILED**
Chris Daniel
District Clerk

NOV 16 2012

Time: _____
Harris County, Texas
By _____
Deputy

## I.

## GENERAL DENIAL

1.1     Subject to any stipulations or admissions that may hereafter be made and agreed upon between the parties, if any, these Defendants generally deny the allegations made by these Plaintiffs and respectfully request that these Plaintiffs be required to prove their material allegations against these Defendants by a preponderance of the evidence as is required by the Constitution and the laws of the State of Texas, as well as in any other amended or supplemental petitions.

## II.

## JURISDICTION

2.1     Defendants only admit that this Court has jurisdiction over the claims and these specific named Plaintiffs herein and the specific named Defendants herein who are currently parties in this cause, but Defendants deny that Plaintiffs claims have any basis in law or in fact.

## III.

## VERIFIED DENIALS

3.1     Defendants have a good faith belief that the issue of independent contractor versus employee at issue in this cause of action is not an issue of capacity, as that term is understood under the law. However, in an abundance of caution, Defendants pursuant to Rule 93 of the Texas Rules of Civil Procedure, have attached their verifications as to certain allegations and contentions raised by the Plaintiffs in their petition, as set forth in the attached affidavits

2

## IV.

## <u>AFFIRMATIVE DEFENSES</u>

4.1      Defendants, pursuant to Rule 94 of the Texas Rules of Civil Procedure, make the following affirmative defenses with respect to the allegations of Plaintiffs claims as set forth herein.

<u>FIRST AFFIRMATIVE DEFENSE</u>

4.2      Plaintiffs petition fails in whole or in part to state a claim upon which relief can be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

4.3      Defendants deny that the Plaintiffs are similarly situated and Defendants assert that the relevant facts and circumstances are unique to each Plaintiff and therefore these Plaintiffs' claims do not establish any basis in law or in fact for a collective action in this cause of action, as is urged by the Plaintiffs. Defendants contend that where the Plaintiffs cannot meet their burden that the Plaintiffs are similarly situated to each other in a putative collective action class, the collective action aspect of this lawsuit should not be granted, and/or if granted, should be dismissed and Defendants reserve their right to seek separate trials of these Plaintiffs claims.

<u>THIRD AFFIRMATIVE DEFENSE</u>

4.4      Defendants deny that the named Plaintiffs in this case lack standing to represent an alleged putative class for unpaid minimum wages and overtime under the FLSA because none of the named plaintiff's can show damages for unpaid minimum and overtime wages sufficient to be similarly situated to any alleged putative class

FOURTH AFFIRMATIVE DEFENSE

4.5    Defendants would show that where Plaintiffs' Third Amended Petition may allege a cause of action under the Fair Labor Standards Act (FSLA), such allegations do not state a claim upon which relief can be granted as against these Defendants. The Plaintiffs have never at any time been an employee of these Defendants. At all relevant times, Plaintiffs were independent contractors providing services pursuant to an agreement with Defendant Directory Distributing Associates, Inc. Therefore, any provisions under the Fair Labor Standards Act (FLSA) which would apply to an employee, would not apply or grant a cause of action to the Plaintiffs.

FIFTH AFFIRMATIVE DEFENSE

4.6    Defendants would show that where Plaintiffs' Third Amended Petition may allege a cause of action under the Fair Labor Standards Act (FSLA), such allegations do not state a claim upon which relief can be granted as against the individual Defendants Richard Price, Stephen Washington aka Steve Washington, Laura Washington, Roland E. Schmidt, and/or Wallace A. Sanders aka Sandy Sanders. The Plaintiffs have never at any time been an employee of these individual Defendants, nor have the Plaintiffs ever contracted with these individual Defendants. Plaintiffs therefore do not establish any basis in law or in fact for a cause of action, as is being urged against these individual Defendants.

SIXTH AFFIRMATIVE DEFENSE

4.7    Defendants would show that where Plaintiffs' Third Amended Petition may in any manner be alleging a cause of action for conspiracy and/or actions in concert, between these Defendants, such allegations do not state a claim upon which relief can be granted as

4

against these Defendants. The law in Texas is well settled that corporate agents cannot conspire with each other when they participate in what has been alleged to have been a corporate action, nor can an agent conspire with it's principal. Therefore, Plaintiffs should be required to amend their pleadings and omit any said allegations for conspiracy or actions in concert, or the Plaintiffs pleadings should be stricken as to these allegations.

SEVENTH AFFIRMATIVE DEFENSE

4.8     Alternatively, should the Plaintiffs prove that an allegation of conspiracy or actions in concert have been properly pled, these Defendants would show that wherein any alleged act(s) of conspiracy or actions in concert occurred more than two (2) years from the date on which each such Plaintiff filed their original petition, and/or filed their original petition in intervention, and/or filed their consent to be a member of any collective action which may be allowed by the Court , if any, whichever is applicable, such alleged claims are barred by the statute of limitations.

EIGHTH AFFIRMATIVE DEFENSE

4.9     Alternatively, should the Plaintiffs prove that an allegation of conspiracy or actions in concert to any claim or cause of action has been properly pled, these Defendants would show that where any underlying claim or allegations are proved to be without merit, baseless, or barred for any reason, there can be no conspiracy or actions in concert as to that claim.

NINTH AFFIRMATIVE DEFENSE

4.10    Alternatively, should the Plaintiffs prove that a claim under the Fair Labor Standards Act (FSLA) has been properly pled, these Defendants would show:

5

(a)     that where Plaintiffs' Third Amended Petition may allege any type of action pursuant to alleged violation(s) of the Fair Labor Standards Act (FLSA), where such alleged violation(s) occurred more than two (2) years from the date on which Plaintiff Ervin Walker filed his Original Petition on August 25, 2011, such alleged claims of Plaintiff Ervin Walker are barred by the statute of limitations; and,

(b)     where Plaintiffs' Third Amended Petition may allege any type of action pursuant to alleged violation(s) of the Fair Labor Standards Act (FLSA), where such alleged violation(s) occurred more than two (2) years from the date on which Plaintiffs' Donald Walker, Eric Allen, Regina Coutee, Justin Cooper, Trent Jedkins, and Brian Mathis each filed their Original Petition(s) In Intervention, such alleged claims are barred by the statute of limitations;

(c)     where any Plaintiff has consented to be a member of any collective action which may be allowed by the Court, if any, and may allege any type of action pursuant to alleged violation(s) of the Fair Labor Standards Act (FLSA), and where such alleged violation(s) occurred more than two (2) years from the date on which each such Plaintiffs filed their own consent to be a member of a collective action, such Plaintiffs' alleged claims are barred by the statute of limitations from being a member(s) of any such collective action; and,

(d)     where any putative plaintiffs consent to be a member of any collective action which may be allowed by the Court, if any, and allege any type of action pursuant to alleged violation(s) of the Fair Labor Standards Act (FLSA), where such alleged violation(s) occurred more than two (2) years from the date on which each such putative plaintiff(s) filed their own cause of action and/or consent, such alleged claims are barred by the statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

4.11    Defendants deny that Plaintiffs are entitled to back wages, as may be alleged, or that the Court may award back wages to putative plaintiffs filing consents in any collective action which may be allowed by the Court, if any, based upon the claims of, or any award to Plaintiffs, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

4.12    Defendants deny that Plaintiffs are entitled to minimum wage for each hour worked as alleged, or that the Court may award minimum wages for each hour worked to

putative plaintiffs filing consents in any collective action which may be allowed by the Court, if

any, based upon the claims of or any award to Plaintiffs, if any.

TWELFTH AFFIRMATIVE DEFENSE

4.13    Defendants deny that Plaintiffs are entitled to time and one half for all hours

worked in excess of forty (40) hours in a work week as alleged, or that the Court may award

time and one half for all hours worked in excess of forty (40) hours in a work week to putative

plaintiffs filing consents in any collective action which may be allowed by the Court, if any,

based upon the claims of, or any award to Plaintiffs, if any.

THIRTEENTH AFFIRMATIVE DEFENSE

4.14    Defendants deny that Plaintiffs are entitled to costs as alleged and further deny

that any putative plaintiffs who file consents in any collective action which may be allowed by

the Court, if any, who are not named Plaintiffs, are entitled to recover costs.

FOURTEENTH AFFIRMATIVE DEFENSE

4.15    Defendants deny that Plaintiffs are entitled to attorneys fees as alleged and further

deny that putative plaintiffs who file consents in any collective action which may be allowed by

the Court, if any, who are not named Plaintiffs, are entitled to recover attorneys fees.

FIFTEENTH AFFIRMATIVE DEFENSE

4.16    Defendants deny that Plaintiffs are entitled to interest as alleged and further deny

that putative plaintiffs who file consents in any collective action which may be allowed by

the Court, if any, who are not named Plaintiffs, are entitled to recover interest.

SIXTEENTH AFFIRMATIVE DEFENSE

4.17    Defendants deny that Plaintiffs and putative plaintiffs who file consents in any collective action which may be allowed by the Court, if any, are entitled to recover any relief or damages from the Defendants.

SEVENTEENTH AFFIRMATIVE DEFENSE

4.18    Defendants contend and assert that where the Plaintiffs and/or any putative plaintiffs who file consents in any collective action which may be allowed by the Court, if any, have reported hours to the Defendants while providing services pursuant to an agreement with Defendant Directory Distributing Associates, Inc., they are estopped from now asserting that such hours reported by these Plaintiffs and/or any putative plaintiffs are incorrect records.

EIGHTEENTH AFFIRMATIVE DEFENSE

4.19    Defendants contend and assert that where the Plaintiffs and/or any putative plaintiffs who file consents in any collective action which may be allowed by the Court, if any, have reported any facts through written reports or records to the Defendants while providing services pursuant to an agreement with Defendant Directory Distributing Associates, Inc., they are estopped from now asserting that such written reports and records compiled and/or tendered by these Plaintiffs and/or any putative plaintiffs are incorrect records.

NINETEENTH AFFIRMATIVE DEFENSE

4.20    Defendants would contend and assert that where the Court may determine that the Plaintiffs have made a sufficient showing that a similarly situated class exists so as to allow the Plaintiffs a preliminary certification of the collective action, Defendants would show that Plaintiffs' definition of the alleged class as set forth in Plaintiffs' Third Amended Petition is

defective and over broad. Defendants would contend and assert that all Plaintiffs and/or putative

plaintiffs in the class may not assert the same statute of limitations as the original Plaintiff Ervin

Walker, as their statutes of limitations are not tolled by the filing of the original petition of

Plaintiff Ervin Walker. Defendants would contend and assert that each such Plaintiff and/or

putative plaintiffs statutes of limitations are only tolled by the filing of their own petition and/or

consent to be a member of the collective action.

TWENTIETH AFFIRMATIVE DEFENSE

4.21    Defendants deny that the Plaintiffs and/or any putative plaintiffs have been

retaliated against by the Defendants in any manner and/or for any reason. Defendants further

deny that Plaintiffs and/or any putative plaintiffs who file consents in any collective action which

may be allowed by the Court, if any, have any claim or cause of action for retaliation arising

under the Fair Labor Standards Act (FSLA), as at all relevant times, Plaintiffs and/or any putative

plaintiffs were independent contractors

TWENTY FIRST AFFIRMATIVE DEFENSE

4.22    Defendants deny that Plaintiffs and/or any putative plaintiffs who file consents in

any collective action which may be allowed by the Court, if any, have been mis-classified as

alleged and that at all relevant times said Plaintiffs and/or putative plaintiffs were independent

contractors.

TWENTY SECOND AFFIRMATIVE DEFENSE

4.23    Defendants contend and assert that at all relevant times Defendants did not

violate, nor willfully violate, any requirements of the Fair Labor Standards Act (FLSA), where

any requirements under the FLSA, if any, would have applied to these Defendants in their

dealings with the Plaintiffs and/or putative plaintiffs, which Defendants dispute. Defendants

further deny that any three (3) year statute of limitations under the Fair Labor Standards Act

(FLSA) are applicable as may be alleged by Plaintiffs and/or putative plaintiffs who file consents

in any collective action which may be allowed by the Court, if any.

TWENTY THIRD AFFIRMATIVE DEFENSE

      4.24    Defendants contend and assert that at all relevant times Defendants did not

circumvent, nor willfully circumvent any obligations Defendants had to the Plaintiffs and/or

putative plaintiffs under the FLSA, if any would have applied to these Defendants in their

dealings with the Plaintiffs and/or putative plaintiffs, which Defendants dispute.

TWENTY FOURTH AFFIRMATIVE DEFENSE

      4.25    Defendants contend and assert that at all relevant times Defendants acted in good

faith and with reasonable grounds for believing that the Plaintiffs and/or putative plaintiffs were

at all relevant times independent contractors.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

      4.26    Defendants deny Plaintiffs' allegations that Defendant Directory Distributing

Associates, Inc. failed to keep records regarding the Plaintiffs and/or putative plaintiffs who file

consents in any collective action which may be allowed by the Court, if any. Defendants further

deny that any such records kept by the Defendants would fall under any requirements of the Fair

Labor Standards Act (FLSA) where such Plaintiffs and/or putative plaintiffs were independent

contractors.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

4.27    Defendants contend and assert that in any manner where the evidence may show the Plaintiffs and/or putative plaintiffs who file consents in any collective action which may be allowed by the Court, if any, were working pursuant to a written independent contractor agreement, Defendants raise the defense of parol evidence to prohibit the consideration of extrinsic evidence, where in any manner the Plaintiffs and/or putative plaintiffs may seek to contradict, vary, or add to the terms of the written agreement.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

4.28    Defendant Directory Distributing Associates, Inc. also raises the affirmative defense of payment and would show that at all relevant times Plaintiffs and/or putative plaintiffs who file consents in any collective action which may be allowed by the Court, if any, were not employees as that term is understood under the prevailing law, but were independent contractors. All monies which may have been owed to the Plaintiffs and/or putative plaintiffs by Defendant Directory Distributing Associates, Inc. under any agreement for Plaintiffs and/or putative plaintiffs to perform services as an independent contractor, have been paid and therefore Plaintiffs and/or putative plaintiffs are owed no money by Defendant Directory Distributing Associates, Inc.  Although the Plaintiffs and/or putative plaintiffs have never at any time been an employee of, nor contracted with the Defendants Richard Price, Stephen Washington aka Steve Washington, Laura Washington, Roland E. Schmidt, and Wallace A. Sanders aka Sandy Sanders in any manner, these individual defendants contend herein that payments to the Plaintiffs and/or putative plaintiffs by Defendant Directory Distributing Associates, Inc. for Plaintiffs' and/or putative plaintiffs' services as an independent contractor, is also an affirmative defense for these

11

individual defendants as to any damages for non-payment as may be claimed by these Plaintiffs and/or putative plaintiffs.

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

4.29    Defendants would show the Court that if these Plaintiff and/or putative plaintiffs settle, or have settled, with any third party, these Defendants will have the option of taking an offset or credit for the amount paid in settlement and/or submitting an issue of comparative liability that includes each such settling third party, if any. This pleading is directed at any such settlement by the Plaintiffs and/or putative plaintiffs with entities who are not a party to this action and will not be made so, entities who are or previously have been a party to this action, and/or entities who are not parties to this action but who will or may be added later as Defendant(s).

TWENTY NINTH AFFIRMATIVE DEFENSE

4.30    As an affirmative defense, Plaintiffs and/or putative plaintiffs who file consents in any collective action which may be allowed by the Court, if any, are barred from recovery from Defendants, in whole or in part, where the evidence may show that the Plaintiffs and/or putative plaintiffs have, through want of care and/or through their own act(s) or omission(s), either aggravated or failed to mitigate their alleged injuries and/or alleged damages.

THIRTIETH AFFIRMATIVE DEFENSE

4.31    On any of Plaintiffs' and/or putative plaintiffs' causes of action where the defense of contributory negligence would be applicable, if any, Defendants hereby assert said defense to any such claims or causes of action of the Plaintiffs and/or putative plaintiffs and would show that as an affirmative defense, Plaintiffs and/or putative plaintiffs are barred from recovery from

12

Defendants, either in whole or in part, where the evidence may show that the alleged injury or damages, if any, of the Plaintiffs and/or putative plaintiffs, if any, are the result of the Plaintiffs' and/or putative plaintiffs' own contributory negligence. Defendants allege herein that where the evidence may show that any of the alleged injuries or alleged damages, if any, of the Plaintiffs and/or putative plaintiffs, if any, are the result of the Plaintiffs' and/or putative plaintiffs failure to use ordinary care for their own safety, the recovery of Plaintiffs and/or putative plaintiffs, if any recovery is awarded, should be reduced by the Plaintiffs' and/or putative plaintiffs' percentage of responsibility. Defendants would further plead that where any Plaintiffs and/or putative plaintiffs are found by the trier of fact to be fifty-one (51%) percent of the cause of the Plaintiffs' and/or putative plaintiffs' alleged injuries and damages, Plaintiffs and/or putative plaintiffs' should be denied any recovery for such alleged injury or damages. Further, where the Plaintiffs and/or putative plaintiffs are the sole cause of the Plaintiffs' and/or putative plaintiffs' alleged injuries and damages, Plaintiffs and/or putative plaintiffs' should be denied any recovery.

THIRTY FIRST AFFIRMATIVE DEFENSE

4.32    Pleading further and subject to the foregoing and without waiving same, Defendants would show that on any of Plaintiffs and/or putative plaintiffs causes of action, if any, where there is any allegation of negligence on the part of this Defendant, these Defendants allege that the incident(s) made the basis of this suit and/or any damages alleged by the Plaintiffs and/or putative plaintiffs herein, if any, were caused by the negligence of a third party(s) over whom these Defendants do not exercise control and that said negligence of such third party(s) was a proximate cause, or, in the alternative, was the sole proximate cause of the alleged injuries and damages of Plaintiffs and/or putative plaintiffs, if any. Defendants further plead that as to

13

each such responsible third party(s) whom have been sued and/or whom have not been sued by

the Plaintiffs and/or putative plaintiffs, the Defendants reserve the right to designate such third

party(s) for purposes of assessing such responsible third party(s)' liability for either causing the

incident made the basis of this suit and/or for assessing such responsible third party(s)' liability

for the Plaintiffs' and/or putative plaintiffs alleged injuries and/or alleged damages, if any. For

further answer, Defendants would state that in the unlikely event that Defendants are found liable

in this cause of action for any injuries or damages alleged by Plaintiffs and/or putative plaintiffs,

Defendants asserts that they are entitled to indemnity and/or contribution from any other

tortfeasors and/or responsible third parties who may be found liable for any injuries or damages,

if any, allegedly sustained by the Plaintiffs and/or putative plaintiffs.

THIRTY SECOND AFFIRMATIVE DEFENSE

     4.33    These Defendants would further assert an affirmative defense that where Plaintiffs

and/or putative plaintiffs who file consents in any collective action which may be allowed by the

Court, if any, are in any manner alleging a negligence claim of any type, if any, based upon any

alleged act and/or omission by these Defendants, where such alleged negligence is contended by

Plaintiffs and/or putative plaintiffs to have occurred more than two (2) years before the date on

which each such Plaintiff and/or putative plaintiff filed of their own petition, intervention, and/or

consent to be a member of the proposed collective action, whichever is applicable, all such

alleged negligence claims and/or any damages of any type allegedly resulting therefrom, are

barred by the statute of limitations.

THIRTY THIRD AFFIRMATIVE DEFENSE

4.34    To the extent that any Plaintiff and/or putative plaintiffs claims are barred in whole or in part by any applicable statutes of limitations and/or by latches, Defendants assert those defenses.

THIRTY FOURTH AFFIRMATIVE DEFENSE

4.35    To the extent that Plaintiff and/or putative plaintiffs claims may be barred in whole or in part by any applicable defenses of waiver, estoppel, and/or by unclean hands, Defendants assert those defenses where applicable.

THIRTY FIFTH AFFIRMATIVE DEFENSE

4.36    On any of Plaintiffs and/or putative plaintiffs who file consents in any collective action which may be allowed by the Court, if any, are seeking any type of personal injury damages, including but not limited to mental anguish, Defendants would show that Plaintiffs and/or putative plaintiffs should be denied recovery, in whole or in part, where the evidence may show that any such damages, if any, from any injuries, damages or liability complained of by the Plaintiffs and/or putative plaintiffs are the result, in whole or in part, of pre-existing conditions, infirmities and disabilities of the Plaintiffs and/or putative plaintiffs.

THIRTY SIXTH AFFIRMATIVE DEFENSE

4.37    On any of Plaintiffs and/or putative plaintiffs who file consents in any collective action which may be allowed by the Court, if any, where the Plaintiffs may be seeking recovery, if any, for medical or health care expenses, that all such alleged damages, if any, be limited to the amount actually paid or incurred by or on behalf of the Plaintiffs, pursuant to Section 41.1015 of

15

the Civil Practice and Remedies Code. Defendants further plead that Plaintiffs be denied

recovery of any amounts of medical or heath care expenses that have been adjusted or written off.

## THIRTY SEVENTH AFFIRMATIVE DEFENSE

4.38    On any of Plaintiffs and/or putative plaintiffs who file consents in any collective

action which may be allowed by the Court, if any, causes of action, where the Plaintiffs may be

seeking recovery, if any, for a loss of contribution of a pecuniary value, Defendants would show

that as an affirmative defense, that such losses, if any are subject to the limitations and

instructions pursuant to Section 18.091 of the Civil Practice and Remedies Code.

## THIRTY EIGHTH AFFIRMATIVE DEFENSE

4.39    Defendants further plead that should the Plaintiffs' and/or putative plaintiffs seek

any recovery for exemplary damages, if any, all such alleged damages are limited and/or capped

pursuant to Tex. Civ. Prac. & Rem. Code, Section 41, 008(b) also known as the Damages Act.

4.40    Defendants further invoke the protections of the Due Process Clause as a

limitation upon any exemplary damages that may be awarded to Plaintiffs and/or putative

plaintiffs, if any.

## THIRTY NINTH AFFIRMATIVE DEFENSE

4.41    Defendants further give notice that they intend to rely on such other defenses as

may become available or appear apparent during discovery proceedings in this cause of action

which are not currently known to the Defendants.

16

V.

**RIGHT TO BIFURCATED OR SEPARATE TRIALS**

5.1     Defendants herein request that the Court bifurcate any trial of this cause of action

on the issue of exemplary damages from the liability portion of the trial of this cause, where any

such claims may be asserted by the Plaintiffs, if any. Defendants further reserve the right to seek

separate trials of the claims of each such Plaintiff and/or putative plaintiffs where the evidence

may show Defendants to be entitled to separate trials.

VI.

**JURY DEMAND**

6.1     Defendants demand a trial by jury and have paid a jury fee in this cause of action;

or in the alternative, where the Plaintiffs or any Defendants may have previously paid a jury fee,

these Defendants avail themselves of the rights to a trial by jury by the payment of said fee by the

Plaintiffs and/or other Defendant(s).

VII.

**PRAYER**

THEREFORE, PREMISES CONSIDERED, Defendants DIRECTORY DISTRIBUTING

ASSOCIATES, INC., RICHARD PRICE, STEPHEN WASHINGTON aka STEVE

WASHINGTON, LAURA WASHINGTON, ROLAND E. SCHMIDT, and WALLACE A.

SANDERS aka SANDY SANDERS pray that, upon final trial and hearing hereof, Plaintiffs

ERVIN WALKER, DONALD WALKER, ERIC ALLEN, JUSTIN COOPER, REGINA

COUTEE, TRENT JEDKINS and BRIAN MATHIS and/or any putative plaintiffs who may file

17

consents to take part in any collective action which may hereafter be approved by the Court, if

any:

(1)    take nothing by reason of their suit;

(2)    that Plaintiffs and/or any putative plaintiffs be denied all damages of any type or kind;

(3)    that Plaintiffs and/or any putative plaintiffs claims are barred by Defendants affirmative defenses and/or any other defenses as may hereafter be asserted and/or may be applicable;

(4)    that Plaintiffs and/or any putative plaintiffs claims be dismissed with prejudice;

(5)    that Plaintiffs and/or any putative plaintiffs claims for attorneys fees be found to be neither reasonable or necessary;

(6)    that Defendants recover their attorneys fees and costs where applicable and/or allowable by law;

(7)    and for such other further relief to which Defendants may show themselves entitled, both in law and at equity.

Respectfully submitted,

**Luttrell & Williams, P.C.**

By:

L. Don Luttrell
State Bar No. 12708630
3000 Weslayan, Suite 245
Houston, Texas  77027
(713) 877-1077
(713) 877-1089 Fax

ATTORNEYS FOR DEFENDANTS
DIRECTORY DISTRIBUTING ASSOCIATES,
INC., RICHARD PRICE, STEPHEN
WASHINGTON aka STEVE WASHINGTON,
LAURA WASHINGTON, ROLAND E.
SCHMIDT, and WALLACE A. SANDERS aka
SANDY SANDERS

18

## **CERTIFICATE OF SERVICE**

The hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record pursuant to the Texas Rules of Civil Procedure, on this the _16th_ day of November, 2012.

L. Don Luttrell

# A F F I D A V I T

| | |
|---|---|
| **THE STATE OF MISSOURI** | § |
| | § |
| **COUNTY OF ST. LOUIS** | § |

BEFORE ME, the undersigned official on this day appeared JAMES FOWLER, located

in Hazelwood, St. Louis County, Missouri who is personally known to me, and fully being duly

sworn according to law upon his oath deposed and said:

"My name is James Fowler. I am over eighteen years of age and I reside in Lake St. Louis, St. Charles County, Missouri. I have never been convicted of a crime and I am fully competent to make this Affidavit. As the Executive Vice President and a custodian of records of the Defendant corporation Directory Distributing Associates, Inc., I have personal knowledge of the facts stated herein and they are all true and correct."

"I am an Executive Vice President and a custodian of records for Directory Distributing Associates, Inc. (hereafter sometimes referred to as DDA) one of the Defendants in this cause of action. I am responsible for many of the day to day overall operations of the corporation and I routinely review the operations of the company regarding deliveries in the various cities and states in which DDA does business and the management of those delivery operations. I routinely review the documentation pertaining to the individual contract delivery drivers and the services they provide for DDA, including but not limited to, the hours and mileage records that are executed by the contract delivery drivers but also the payments made to the contract delivery drivers for their services to DDA. As a part of my duties I supervise the employees whose job it is to store the DDA business records regarding the documentation pertaining to the individual contract delivery drivers and the payments made to the delivery drivers for their services to DDA in the proper manner to insure their trustworthiness as business records and to ensure that the records are compiled by persons with knowledge of the facts stated within the records."

"The facts, evidence, and records pertaining to the Plaintiffs Ervin Walker, Donald Walker, Eric Allen, Justin Cooper, Regina Coutee, Trent Jedkins, and Brian Mathis prove that at all relevant times these named Plaintiffs were independent contractors during any and all periods of time in which they provided delivery services for Directory Distributing Associates, Inc. and were not employees of Defendant Directory Distributing Associates, Inc. Therefore in any manner where Texas law may require a verified plea and/or pleading in this cause of action, if any such verification is actually required, Defendant Directory Distributing Associates, Inc. disputes that the above named Plaintiffs are

entitled to recover in the capacity in which they sue and further disputes that Directory Distributing Associates, Inc. is liable in the capacity in which Plaintiffs have sued Directory Distributing Associates, Inc.

_____
James Fowler

SWORN TO AND SUBSCRIBED BEFORE ME on the ___15th___ day of November, 2012.



_____
Notary Public - State of Missouri

My Commission Expires on _June 28th 2016_
_____

# A F F I D A V I T

| | |
|---|---|
| **THE STATE OF FLORIDA** | § |
| | § |
| **COUNTY OF ESCAMBIA** | § |

BEFORE ME, the undersigned official on this day appeared RICHARD PRICE, currently located in Escambia County, Florida who is personally known to me, and fully being duly sworn according to law upon his oath deposed and said:

"My name is Richard Price. I am over eighteen years of age and I reside at in the City of Shreveport, in Caddo Parrish, Louisiana and I am fully competent to make this Affidavit. I am an employee of Directory Distributing Associates, Inc. (DDA). I have been employed with DDA since 2000. My general duties are I am a part time delivery manager. In that capacity I supervise delivery offices that I am assigned to.

"The facts, evidence, and records pertaining to the Plaintiffs Ervin Walker, Donald Walker, Eric Allen, Justin Cooper, Regina Coutee, Trent Jedkins, and Brian Mathis prove that at all relevant times these named Plaintiffs were independent contractors during any and all periods of time in which they provided delivery services for Directory Distributing Associates, Inc. and were not employees of Defendant Directory Distributing Associates, Inc. Further at no time have I ever employed any of the Plaintiffs nor have I been their employer in any manner. Further I have never been a party to any contract with any of the Plaintiffs. Therefore in any manner where Texas law may require a verified plea and/or pleading in this cause of action, if any such verification is actually required, I dispute that the above named Plaintiffs are entitled to recover in the capacity in which they have sued me and I further dispute that I am liable in the capacity in which Plaintiffs have sued me."

_____
RICHARD PRICE

SUBSCRIBED AND SWORN TO BEFORE ME, this _____15th_____ day of November, 2012.

_____
Notary Public in and for the State of Florida

James W. Everidge, Jr.
*Notary Public, State of Florida*
Comm. Expires Jan. 3, 2016
Comm. No. EE149283

# A F F I D A V I T

| | |
|---|---|
| **THE STATE OF TEXAS** | § |
| | § |
| **COUNTY OF TARRANT** | § |

BEFORE ME, the undersigned official on this day appeared ROLAND E. SCHMIDT, currently located in Tarrant County, Texas who is personally known to me, and fully being duly sworn according to law upon his oath deposed and said:

"My name is Roland E. Schmidt. I am over eighteen years of age and I reside in Grand Prairie, Dallas County, Texas. I have never been convicted of a crime and I am fully competent to make this Affidavit. I am an employee of Directory Distributing Associates, Inc. (DDA). I have been employed with DDA since 2000. My general duties are I am a full time delivery manager. In that capacity I supervise delivery offices that I am assigned to.

"The facts, evidence, and records pertaining to the Plaintiffs Ervin Walker, Donald Walker, Eric Allen, Justin Cooper, Regina Coutee, Trent Jedkins, and Brian Mathis prove that at all relevant times these named Plaintiffs were independent contractors during any and all periods of time in which they provided delivery services for Directory Distributing Associates, Inc. and were not employees of Defendant Directory Distributing Associates, Inc. Further at no time have I ever employed any of the Plaintiffs nor have I been their employer in any manner. Further I have never been a party to any contract with any of the Plaintiffs. Therefore in any manner where Texas law may require a verified plea and/or pleading in this cause of action, if any such verification is actually required, I dispute that the above named Plaintiffs are entitled to recover in the capacity in which they have sued me and I further dispute that I am liable in the capacity in which Plaintiffs have sued me."

_Roland E. Schmidt_
ROLAND E. SCHMIDT

SUBSCRIBED AND SWORN TO BEFORE ME, this ___16th___ day of November, 2012.

Notary Public in and for the State of Texas

ALICE JOHNSON
Notary Public
STATE OF TEXAS
My Comm. Exp. 12-18-12

# A F F I D A V I T

| | |
|---|---|
| **THE STATE OF TEXAS** | § |
| | § |
| **COUNTY OF DALLAS** | § |

BEFORE ME, the undersigned official on this day appeared WALLACE A. (SANDY) SANDERS, currently located in Dallas County, Texas who is personally known to me, and fully being duly sworn according to law upon his oath deposed and said:

"My name is Wallace A. (Sandy) Sanders. I am over eighteen years of age and I reside at 1200 Brittainy Drive, Carrollton, Texas 75006. I have never been convicted of a crime and I am fully competent to make this Affidavit. I am an employee of Directory Distributing Associates, Inc. (DDA). I have been employed with DDA since 2002. My general duties are I am a delivery manager. In that capacity I supervise delivery offices that I am assigned to. At the very start of my employment with DDA, I held the position of delivery manager. Currently my position is full time as a delivery manager.

"The facts, evidence, and records pertaining to the Plaintiffs Ervin Walker, Donald Walker, Eric Allen, Justin Cooper, Regina Coutee, Trent Jedkins, and Brian Mathis prove that at all relevant times these named Plaintiffs were independent contractors during any and all periods of time in which they provided delivery services for Directory Distributing Associates, Inc. and were not employees of Defendant Directory Distributing Associates, Inc. Further at no time have I ever employed any of the Plaintiffs nor have I been their employer in any manner. Further I have never been a party to any contract with any of the Plaintiffs. Therefore in any manner where Texas law may require a verified plea and/or pleading in this cause of action, if any such verification is actually required, I dispute that the above named Plaintiffs are entitled to recover in the capacity in which they have sued me and I further dispute that I am liable in the capacity in which Plaintiffs have sued me."

_Wallace A. (Sandy) Sanders_
WALLACE A. (SANDY) SANDERS

SUBSCRIBED AND SWORN TO BEFORE ME, this _15th_ day of November, 2012.

_Cindy Baize_
Notary Public in and for the State of Texas

CINDY BAIZE
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 01/15/2014

# A F F I D A V I T

**THE STATE OF OKLAHOMA**          §
                                   §
**COUNTY OF TULSA**                §

BEFORE ME, the undersigned official on this day appeared LAURA WASHINGTON, currently located in Tulsa County, Oklahoma who is personally known to me, and fully being duly sworn according to law upon his oath deposed and said:

"My name is Laura Washington. I am over eighteen years of age and I reside at in the City of Goddard, in Sedgwick County, Kansas and I am fully competent to make this Affidavit. I am an employee of Directory Distributing Associates, Inc. (DDA). I have been employed with DDA since 2009. My general duties are I am a part time delivery manager. In that capacity I supervise delivery offices that I am assigned to.

"The facts, evidence, and records pertaining to the Plaintiffs Ervin Walker, Donald Walker, Eric Allen, Justin Cooper, Regina Coutee, Trent Jedkins, and Brian Mathis prove that at all relevant times these named Plaintiffs were independent contractors during any and all periods of time in which they provided delivery services for Directory Distributing Associates, Inc. and were not employees of Defendant Directory Distributing Associates, Inc. Further at no time have I ever employed any of the Plaintiffs nor have I been their employer in any manner. Further I have never been a party to any contract with any of the Plaintiffs. Therefore in any manner where Texas law may require a verified plea and/or pleading in this cause of action, if any such verification is actually required, I dispute that the above named Plaintiffs are entitled to recover in the capacity in which they have sued me and I further dispute that I am liable in the capacity in which Plaintiffs have sued me."


_____
LAURA WASHINGTON


SUBSCRIBED AND SWORN TO BEFORE ME, this ____15th____ day of November, 2012.

_____
Notary Public in and for the State of Oklahoma

# A F F I D A V I T

| | |
|---|---|
| **THE STATE OF OKLAHOMA** | § |
| | § |
| **COUNTY OF TULSA** | § |

BEFORE ME, the undersigned official on this day appeared STEVEN WASHINGTON,

also known as STEVE WASHINGTON, currently located in Tulsa County, Oklahoma who is

personally known to me, and fully being duly sworn according to law upon his oath deposed and

said:

"My name is Steven Washington, also known as Steve Washington. I am over eighteen
years of age and I reside at in the City of Goddard, in Sedgwick County, Kansas and I am fully
competent to make this Affidavit. I am an employee of Directory Distributing Associates, Inc.
(DDA). I have been employed with DDA since 2008. My general duties are I am a full time
delivery manager. In that capacity I supervise delivery offices that I am assigned to.

"The facts, evidence, and records pertaining to the Plaintiffs Ervin Walker, Donald
Walker, Eric Allen, Justin Cooper, Regina Coutee, Trent Jedkins, and Brian Mathis prove that at
all relevant times these named Plaintiffs were independent contractors during any and all periods
of time in which they provided delivery services for Directory Distributing Associates, Inc. and
were not employees of Defendant Directory Distributing Associates, Inc. Further at no time have
I ever employed any of the Plaintiffs nor have I been their employer in any manner. Further I
have never been a party to any contract with any of the Plaintiffs.  Therefore in any manner
where Texas law may require a verified plea and/or pleading in this cause of action, if any such
verification is actually required, I dispute that the above named Plaintiffs are entitled to recover
in the capacity in which they have sued me and I further dispute that I am liable in the capacity in
which Plaintiffs have sued me."

_____
STEVEN WASHINGTON

SUBSCRIBED AND SWORN TO BEFORE ME, this _____15_____ day of November,
2012.

_____
Notary Public in and for the State of Oklahoma